# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

RICHARD A. AMADOR                    \*
728 Old Riverside Road
Brooklyn Park, Maryland 21225        \*
Anne Arundel County
                                     \*        Civil Action No. 1:15-cv-632

AMANDA S. TAYLOR                     \*
19276 Circle Gate Drive #303
Germantown, Maryland 20874           \*

ALEXANDRA SIMON                      \*
6089-6 Majors Lane
Columbia, Maryland 21045             \*
Howard County                        \*

RAQUERIA S. MURVIN                   \*
10503 46th Avenue
Beltsville, Maryland 20705           \*
Prince George's County
                                     \*
*On behalf of themselves and on behalf of all
other similarly situated employees,*  \*

         *Plaintiffs,*               \*

v.                                   \*

HEALTHY HOWARD, INC.                 \*
8930 Stanford Blvd.
Columbia, MD 21045                   \*
Howard County
                                     \*
         *Serve Resident Agent*:
         Maura Rossman                \*
         8930 Stanford Blvd.
         Columbia, MD 21045           \*

PATRICIA OMAÑA                       \*
8930 Stanford Blvd.
Columbia, Maryland 21045             \*
Howard County
                                     \*
STEPHANIE SHIREY                     \*
8930 Stanford Blvd.                  \*

Columbia, Maryland 21045
Howard County                                        *

CHRISTINE HALL                                       *
8930 Stanford Blvd.
Columbia, Maryland 21045                             *
Howard County
                                                     *

        *Defendants*.
*       *       *       *       *       *       *       *       *       *       *       *       *

## PLAINTIFFS' ORIGINAL COMPLAINT

        Plaintiffs Richard A. Amador, Amanda S. Taylor, Alexandra Simon and Raqueria Murvin on behalf of themselves individually and all other similarly situated current and former employees known and unknown ("Class" or "Plaintiffs"), by and through counsel, files this Original Complaint against Defendants Healthy Howard, Inc., Patricia Omaña, Stephanie Shirey, and Christine Hall (collectively "Defendants"), and states as follows:

### INTRODUCTION

        1.      This lawsuit arises out of Defendants' willful and unlawful conduct in failing to properly compensate Plaintiffs and the Class for their earned wages.

        2.      Members of the Class all share or shared similar job titles, job skills and job responsibilities and were subjected to the same terms and conditions of employment, as well as the same systematic failure by Defendants to properly compensate them for all wages earned.

        3.      As a result of Defendants' willful failure to properly compensate its employees for all wages due and owing, Defendants are liable to the Class for violations of the Fair Labor Standards Act ("FLSA") and Maryland Wage and Hour Law ("MWHL").  *See* 29 U.S.C. § 201, *et seq.*; Md. Code Ann., Lab & Empl., § 3-401, *et seq.*

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction over the claims presented herein pursuant to the FLSA.

5.      The claims set forth pursuant to the MWHL are so related and intertwined with Plaintiffs' claims under the FLSA that they form part of the same case and controversy. Therefore, this Court has supplemental and ancillary jurisdiction over Plaintiffs' State claim relating to Defendants' willful violation of the MWHL.

6.      Venue is appropriate in this judicial district because this is a judicial district wherein Defendants conduct business and a district wherein many of the unlawful employment practices described herein are believed to have occurred.

**PARTIES**

**A.     *Plaintiffs.***

7.      Richard Amador lives in the State of Maryland, is a resident of Anne Arundel County and is a former employee of Healthy Howard, Inc..

8.      Amanda Taylor lives in the State of Maryland, is a resident of Montgomery County and is a former employee of Healthy Howard, Inc.

9.      Alexandra Simon lives in the State of Maryland, is a resident of Howard County and is a current employee of Healthy Howard, Inc.

10.     Raqueria Murvin lives in the State of Maryland, is a resident of Prince George's County and is a former employee of Healthy Howard, Inc.

**B.     *Other Similarly Situated Employees***

11.     In addition to Plaintiffs, Defendants employed, and continues to employ, other similarly situated non-exempt employees who share or shared similar job titles, job skills and job

responsibilities and who were subjected to the same unlawful terms and conditions of employment, as well as the same systematic failure by Defendants to compensate them for all wages properly due and owing.

12.     These persons are or were employed by Defendants as part of its workforce in Maryland and are or were Defendants' employees as that term is defined by the MWHL and/or FLSA.

13.     There are numerous similarly situated persons who had similar job titles, job skills, job responsibilities, were subjected to the same willful and illegal pay practices, and were employed by Defendants as that term is defined by the MWHL and/or FLSA.

**C.     *Defendants***

14.     Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, regional managers, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, regional managers or employees.

i.     Healthy Howard, Inc.

15.     Defendant Healthy Howard, Inc. (hereinafter "Healthy Howard" or "Defendant") is a Maryland non-profit business entity, with its principal office located in Howard County, Maryland and is subject to the personal jurisdiction of this Court.

16.     Healthy Howard may be served at the address listed in the above caption or wherever an appropriate agent for Defendant may be found.

17.     Healthy Howard was Plaintiffs' employer as the term "employer" is defined by the FLSA.

18.     Healthy Howard was Plaintiffs' employer as the term "employer" is defined by the MWHL.

19.     Healthy Howard engages in interstate commerce.

20.     Healthy Howard conducts interstate commerce.

21.     Healthy Howard employs more than two employees who are engaged in commerce and work on goods or materials that have moved in or were produced for interstate commerce as a single enterprise under the FLSA.  By way of illustration, and not limitation, Healthy Howard engages in interstate commerce as follows: (1) Healthy Howard facilitates insurance plan enrollment and works with insurance companies operating in interstate commerce; and (2) employees of Healthy Howard regularly use wire and electronic means to communicate in interstate communications.

22.     Healthy Howard satisfies the enterprise coverage provisions of the FLSA.

23.     Healthy Howard has annual sales in excess of $500,000.

24.     Healthy Howard is an employer which is subject to the terms of the FLSA.

25.     Healthy Howard is an employer which is subject to the terms of the MWHL.

        ii.     <u>Patricia Omaña</u>

26.     Defendant Patricia Omaña ("Omaña") is a resident of the State of Maryland.

27.     Omaña may be served at the address listed in the above caption or wherever an appropriate agent for Defendant may be found.

28.     Omaña is the Regional Outreach Manager of Healthy Howard.

29.     Omaña possessed the authority to hire and fire Healthy Howard employees.

30.    Omaña possessed the authority to set the terms and conditions of employment for Healthy Howard employees.

31.    Omaña possessed the authority to control and direct conditions of employment for Healthy Howard employees.

32.    On information and belief, Omaña had responsibility relating to payment of wages, or approval of payment for wages, for Healthy Howard employees.

33.    Omaña contributed to implementing and managing the unlawful "comp time" system described herein which resulted to the Class not being properly compensated for all wages due and owing.

34.    Omaña was employed by Healthy Howard during the time of Plaintiffs' employment.

35.    During some or all periods of Plaintiffs' employment, Omaña exercised managerial responsibilities over Plaintiffs' employment with Healthy Howard.

36.    During some or all periods of Plaintiffs' employment, Omaña exercised substantial control over Plaintiffs' employment with Healthy Howard.

37.    Omaña was Plaintiffs' employer as the term "employer" is defined by the FLSA.

38.    Omaña was Plaintiffs' employer as the term "employer" is defined by the MWHL.

iii.    Stephanie Shirey

39.    Defendant Stephanie Shirey ("Shirey") is a resident of the State of Maryland.

40.    Shirey may be served at the address listed in the above caption or wherever an appropriate agent for Defendant may be found.

41.    Shirey is the Deputy Executive Director of Healthy Howard.

42.    Shirey possessed the authority to hire and fire Healthy Howard employees.

43.    Shirey possessed the authority to set the terms and conditions of employment for Healthy Howard employees.

44.    Shirey possessed the authority to control and direct conditions of employment for Healthy Howard employees.

45.    Shirey contributed to implementing and managing the unlawful "comp time" system described herein which resulted to the Class not being properly compensated for all wages due and owing.

46.    On information and belief, Shirey had responsibility relating to payment of wages, or approval of payment for wages, for Healthy Howard employees.

47.    During some or all periods of Plaintiffs' employment, Shirey exercised managerial responsibilities over Plaintiffs' employment with Healthy Howard.

48.    During some or all periods of Plaintiffs' employment, Shirey exercised substantial control over Plaintiffs' employment with Healthy Howard.

49.    Shirey was Plaintiffs' employer as the term "employer" is defined by the FLSA.

50.    Shirey was Plaintiffs' employer as the term "employer" is defined by the MWHL.

    iv.    Christine Hall

51.    Defendant Christine Hall ("Hall") is a resident of the State of Maryland.

52.    Hall may be served at the address listed in the above caption or wherever an appropriate agent for Defendant may be found.

53.    Hall is the Executive Director of Healthy Howard.

54.    Hall possessed the authority to hire and fire Healthy Howard employees.

55.    Hall possessed the authority to set the terms and conditions of employment for Healthy Howard employees.

56.    Hall possessed the authority to control and direct conditions of employment for Healthy Howard employees.

57.    On information and belief, Hall had responsibility relating to payment of wages, or approval of payment for wages, for Healthy Howard employees.

58.    Hall contributed to implementing and managing the unlawful "comp time" system described herein which resulted to the Class not being properly compensated for all wages due and owing.

59.    Hall was employed by Healthy Howard during the time of Plaintiffs' employment.

60.    During some or all periods of Plaintiffs' employment, Hall exercised managerial responsibilities over Plaintiffs' employment with Healthy Howard.

61.    During some or all periods of Plaintiffs' employment, Hall exercised substantial control over Plaintiffs' employment with Healthy Howard.

62.    Hall was Plaintiffs' employer as the term "employer" is defined by the FLSA.

63.    Hall was Plaintiffs' employer as the term "employer" is defined by the MWHL.

**FACTUAL ALLEGATIONS**

**A.    *Introduction and background.***

64.    Defendant classified Plaintiffs as exempt employees.

65.    Plaintiffs were compensated on a flat rate basis.

66.     Plaintiffs, together with other similarly situated employees who were employed as Navigators, performed duties for Healthy Howard relating to outreach, data entry, and assisting Healthy Howard in operating its structured insurance plan selection process.

67.     Plaintiffs, together with other similarly situated employees who were employed as Navigators, performed job duties under the supervision of managers and directors.

68.     After the "open enrollment periods" wherein Navigators enrolled Healthy Howard customers in health insurance plans, Defendants required Plaintiffs, together with other similarly situated employees who were employed as Navigators, to enter enrollment application information into a computer software program (hereinafter referred to as "Data Entry").

69.     Plaintiffs, together with other similarly situated employees who were employed as Navigators, were required by Defendants to staff informational tables on weekends (hereinafter referred to as "Staffing").

70.     Plaintiffs, together with other similarly situated employees who were employed as Navigators, were required by Defendants to perform various forms of outreach for the purpose of soliciting additional customers for Healthy Howard, Inc.  This outreach work was commonly performed in the evenings and on the weekends.

71.     Defendants regularly required Plaintiffs and other similarly situated employees to work through their meal break.  Defendants also regularly required Plaintiffs to perform a "working meal break" in which they were required to perform work for Health Howard, Inc.'s benefit during their meal break.

72.     Plaintiffs satisfactorily performed their job duties while employed by Healthy Howard.

73.     Plaintiffs adequately performed their job duties to the benefit of Healthy Howard.

**B.**    ***Defendants failed to properly compensate Plaintiffs and other similarly situated employees for all hours worked.***

74.    Healthy Howard routinely required Plaintiffs, and other similarly situated employees working as Navigators, to work in excess of 40 hours in a seven-day workweek.

75.    Plaintiffs and other similarly situated employees working as Navigators regularly worked in excess of 40 hours in a seven-day workweek.

76.    Plaintiffs were compensated at a flat, annual rate for all hours worked, including hours over 40 in a seven-day workweek.

77.    The payment method described in the immediately preceding paragraph did not provide Plaintiffs with compensation at the overtime premium rate for hours worked in excess of 40 during a seven-day workweek.

78.    Other similarly situated employees to Plaintiffs, who were employed as Navigators, were also compensated at a flat, annual rate for all hours worked, including hours over 40 in a seven-day workweek.

79.    Defendants, acting without good faith, withheld wages owed to Plaintiffs and other similarly situated employees.

80.    Plaintiffs seek wages owed and other available relief against Defendants through Plaintiffs' Complaint for unpaid wages.

**C.**    ***Defendants failed to maintain accurate records of hours worked by Plaintiffs.***

81.    Defendants had a duty to maintain accurate records of all hours worked by Plaintiffs.

82.    Defendants failed in their obligation to maintain accurate records of all hours worked by Plaintiffs.

83.     Defendants' failure to maintain accurate records of all hours worked by Plaintiffs was willful.

84.     By way of illustration, and not limitation, examples of work performed which Defendants failed to accurately track included Data Entry, Staffing, attending outreach events, working through meal breaks, arriving early to work, and staying late at work.

**D.     *Estimate of hours worked.***

85.     Defendants took the position that the Class was only entitled to compensation by their annual rate.

86.     Defendants took the position that the Class was exempt from being compensated for hours worked in excess of 40 in a seven-day workweek.

87.     Defendants did not compensate the Class at an overtime premium rate for hours worked in excess of 40 during a seven-day workweek.

88.     Defendants did not maintain accurate records of the hours worked by the Class.

89.     The estimate of hours worked which the Plaintiffs provide herein constitutes a best estimates of the unpaid and overtime hours they, in good faith, believe they worked during the statutory period relevant to this litigation, and is based upon the information presently available to them.

90.     While the unpaid hours which Plaintiffs worked per workweek varied, on information and belief, Plaintiffs regularly worked between approximately five (5) and fifteen (15) hours during most weeks of their employment for which they was not properly compensated.

91.     Plaintiffs reserve the right to amend the above estimates of unpaid hours at any time prior to trial and after having had the opportunity to conduct discovery in this matter.

**E.**    *Comp time.*

92.    Defendants informed the Class that in lieu of being paid overtime, they would receive comp time.

93.    Defendants failed to provide the Class with the comp time they were promised.

94.    Defendants failed to administer their alleged comp time program in compliance with law.

95.    In or about December of 2013, Healthy Howard, Inc. offered to pay Plaintiffs and other similarly situated employees $1,000 in exchange for all accrued comp time, irrespective of the amount of comp time allegedly accrued.

**F.**    *Defendants acted "willfully."*

96.    Defendants acted willfully, as that term is used in the context of the MWHL and FLSA in their failure to properly compensate the Class.

97.    Defendants knew, or had reason to know, that the Class was performing work which was for the benefit of Healthy Howard, Inc. while the Class was not receiving any compensation and/or were not being properly compensated at the proper overtime premium rate.

98.    Despite the fact that Defendants knew, or had reason to know, the Class was performing work for Healthy Howard, Inc.'s benefit during periods when the Class was not being compensated properly, Defendants continued to allow the Class to perform this work and failed to properly compensate the Class for this work.

99.    Plaintiffs, and other similarly situated employees, complained to Defendants and its agents that they were not receiving full and proper compensation for the hours worked.

100.    Defendants failed to take corrective action in response to Plaintiffs' complaints of not receiving full and proper compensation.

101.    Despite the fact that Defendants were aware of the wage and hour laws, Defendants failed to comply with these laws.

102.    Defendants regularly instructed Plaintiffs to perform overtime work with the intention of not paying them at the applicable overtime premium rate.

103.    Defendants concocted the above described illegal pay practices for the purpose of compensating Plaintiffs for fewer hours than they were legally entitled to receive.

### FLSA COLLECTIVE ACTION ALLEGATIONS

104.    Plaintiffs and other similarly situated employees worked for Defendants as Navigators.

105.    Defendants compensated Navigators on a flat, annual rate.

106.    Navigators employed by Defendants are wrongfully classified by Defendants as exempt employees.

107.    Pursuant to the FLSA, Defendants were required to compensate the Class at the overtime premium rate for hours worked in excess of forty (40) in a single workweek.

108.    Defendants have refused, and continue to refuse, to pay the Class their proper overtime compensation to which they were and are legally entitled.

109.    Defendants knew that Plaintiffs and other similarly situated employees typically and customarily worked in excess of 40 hours in a seven-day workweek.

110.    Plaintiffs commence this collective action on behalf of themselves and those similarly situated under the FLSA for the payment of wages owed reflecting the overtime rate not less than one and a half (1.5) times the regular rate of pay against the Defendants.

111.    Plaintiffs Richard Amador consents to be a party Plaintiffs in this matter. Plaintiffs' consent form is attached to this complaint as Exhibit "1."

112.    Plaintiffs Amanda Taylor consents to be a party Plaintiffs in this matter.  Amanda Taylor's consent form is attached to this complaint as Exhibit "2."

113.    Plaintiffs Alexandra Simon consents to be a party Plaintiffs in this matter. Alexandra Simon's consent form is attached to this complaint as Exhibit "3."

114.    Plaintiffs Raqueria Murvin consents to be a party Plaintiffs in this matter. Alexandra Simon's consent form is attached to this complaint as Exhibit "4."

115.    It is likely that other individuals will join Plaintiffs during the litigation of this matter and similarly file written consents with the Court.

116.    There are numerous similarly situated current and former employees of the Defendants that have been harmed by the common scheme of Defendants to underpay its employees and violate the FLSA.

117.    These similarly situated persons are known to Defendants and are readily identifiable through Defendants' records.

118.    Many of these similarly situated employees would benefit from the issuance of court-supervised notice, granting them the opportunity to join this lawsuit.  Upon information and belief, others will choose to join Plaintiffs in this action against the Defendants and opt-in to this lawsuit to recover unpaid wages and other available relief.

### COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages

119.    Plaintiffs hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

120.    This count arises from Defendants' violation of the Fair Labor Standard's Act, 29 U.S.C. section 207, for Defendants' failure to pay overtime wages to Plaintiffs for all time worked in excess of forty hours per week.

121.    Plaintiffs were regularly directed by Defendants to work, and did so work, in excess of 40 hours in one or more individual work weeks.

122.    Defendants required Plaintiffs to work hours for which they were not compensated at all, including hours that were worked in excess of 40 hours in one or more individual work weeks.

123.    Pursuant to 29 U.S.C. section 207, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs was entitled to be compensated at a rate of one-half times their regular rate of pay for the time worked in excess of forty hours.

124.    Defendants did not compensate Plaintiffs at a rate of one and one-half times Plaintiffs' regular rate for all time worked in excess of forty hours in individual workweeks.

125.    Defendants' failure to pay overtime wages for time worked in excess of forty hours per week and its failure to pay Plaintiffs entirely for certain work performed was a violation of the Fair Labor Standards Act, 29 U.S.C. section 201, *et seq.*

126.    Defendants' failure and refusal to pay all wages owned was a willful violation of Fair Labor Standards Act, 29 U.S.C. section 207, *et seq*.

127.    Other similarly situated employees have likewise performed non-exempt work for Defendants, but Defendants have failed to pay them overtime wages for work performed in excess of forty (40) hours per week.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

a.    Designation of this action as a collective action on behalf of Plaintiffs and those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. section 216(b) to all those similarly situated apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. section 216(b);

        b.      Judgment against Defendants for violation of the wage provisions of the FLSA;

        c.      Judgment that Defendants' violations as described above were willful;

        d.      An award in an amount equal to Plaintiffs' and those similarly situated unpaid back wages;

        e.      An award to Plaintiffs and those similarly situated for the amount of unpaid wages owed, liquidated damages and penalties where provided by law, and interest thereon, subject to proof at trial;

        f.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. 216 section and/or any other applicable laws;

        g.      An award of prejudgment interest to the extent liquidated damages are not awarded;

        h.      Leave to add additional Plaintiffs' upon motion, the filing of written consent forms, or  any other  method approved by the Court;

        i.      Award reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

        j.      For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act – Minimum Wages

128.    Plaintiffs hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

129.    This count arises from Defendants' violation of the FLSA, 29 U.S.C. section 201, *et. seq*., for Defendants' failure and refusal to pay minimum wages to Plaintiffs for all hours worked for Defendant.

130.    Throughout Plaintiffs' employment with Defendant, Plaintiffs worked many hours for Defendants for which Plaintiffs was completely uncompensated.

131.    Pursuant to 29 U.S.C. section 206, for all time that Plaintiffs worked for Defendants, Plaintiffs were entitled to be compensated at no less than the applicable federally mandated minimum wage for each hour worked.

132.    Defendants willfully violated the FLSA by failing to compensate Plaintiffs at the federal minimum wage rate for all hours worked in each workweek of Plaintiffs' employment.

133.    Other employees have likewise performed work for Defendants, but Defendants failed and refused to pay them at the federal minimum wage rate for all hours they worked in one or more individual workweeks.

134.    Defendants willfully violated the FLSA by failing to pay other similarly situated employees at the federally mandated minimum wage rate for all hours worked during one or more individual work weeks.

WHEREFORE, Plaintiffs prays for a judgment against Defendants as follows:

    a.    Designation of this action as a collective action on behalf of Plaintiffs and all those similarly situated and prompt issuance of notice pursuant to 29 U.S.C. section 216(b) to

all those similarly situated apprising them of the pendency of this action, and permitting them to

assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C.

section 216(b);

b. Judgment against Defendants for violation of the minimum wage

provisions of the FLSA;

c. Judgment that Defendants' violations as described above were willful;

d. An award in an amount equal to all unpaid back wages for Plaintiffs and

those similarly situated;

e. An award to Plaintiffs and all those similarly situated for the amount of

unpaid wages owed, liquidated damages and penalties where provided by law, and interest

thereon, subject to proof at trial;

f. An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C.

section 216 and all other applicable laws;

g. An award of prejudgment interest to the extent liquidated damages are not

awarded;

h. Leave to add additional Plaintiffs' by motion, the filing of written consent

forms, or any other method approved by the Court;

i. Award reasonable attorneys' fees and costs in the event of an appeal, as

well as post-judgment interest consistent with applicable law; and

j. For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

**COUNT III**
**Maryland Wage and Hour Law**
**Md. Code Ann., Lab & Empl. § 3-401, *et seq.***
**Failure to pay wages owed for all hours worked and failure to pay overtime**

135.    Plaintiffs hereby incorporate all allegations set forth in all of the foregoing paragraphs as though fully alleged herein.

136.    Plaintiffs and all other similarly situated employees were not paid for all hours actually worked, are protected by the MWHL, and are/were entitled to be paid at their regular hourly rate for each hour worked.  Md. Code Ann., Lab & Empl. § 3-401, *et seq.*

137.    Defendants did not compensate Plaintiffs and all other similarly situated employees at their regular hourly rate for each hour worked.

138.    Defendants did not compensate Plaintiffs and all other similarly situated employees at the minimum wage rate for each hour worked.

139.    Defendants' failure to pay Plaintiffs and all other similarly situated employees their appropriate wages for all hours worked violated MWHL.

140.    Plaintiffs and all other similarly situated employees were entitled to be compensated for all hours worked and to be compensated at 1.5 times their regular hourly wage for each hour worked over 40 in a single workweek.

141.    Defendants did not compensate Plaintiffs and all other similarly situated employees for all hours worked and did not compensate them at 1.5 times their regular hourly wage for each hour worked over 40 in a single workweek.

142.    Defendants' failure to compensate Plaintiffs and all other similarly situated employees at 1.5 times their regular hourly wage for each hour in excess of 40 hours per workweek violated MWHL.

143.    As the direct and proximate result of Defendants' violations of the MWHL, Plaintiffs and all other similarly situated employees suffered significant damages.

144.    Pursuant to the MWHL, Defendants is liable to Plaintiffs and all other similarly situated employees for all hours worked which were not compensated and for the difference between the wages paid to them and the wages required by statute, plus reasonable attorneys' fees, pre- and post- judgment interest, fees and costs.

WHEREFORE, Plaintiffs prays for a judgment against Defendant as follows:

a.    Judgment against Defendant for violation of the minimum wage and overtime provisions of the MWHL;

b.    Judgment that Defendants' violations as described above were willful;

c.    An award in an amount equal to all unpaid back wages for Plaintiffs and those similarly situated;

d.    An award to Plaintiffs and all those similarly situated for the amount of unpaid wages owed, up to treble damages and penalties where provided by law, and interest thereon, subject to proof at trial;

e.    An award of reasonable attorneys' fees and costs pursuant to the MWHL and all other applicable laws;

f.    An award of prejudgment interest to the extent liquidated or treble damages are not awarded;

g.    Leave to add additional Plaintiffs' by motion, the filing of written consent forms, or any other method approved by the Court;

h.    Award reasonable attorneys' fees and costs in the event of an appeal, as well as post-judgment interest consistent with applicable law; and

i.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

**JURY DEMAND**

145.    Plaintiffs demand a trial by jury on all issues triable to a jury.


Dated: March 6, 2015                              Respectfully submitted,


_____/s/ *Judd G. Millman*_____
Judd G. Millman (Fed Bar No. 18212)
  judd@luchanskylaw.com
Bruce M. Luchansky (Fed. Bar No. 08439)
  lucky@luchanskylaw.com
**LUCHANSKY Law**
606 Bosley Avenue
Suite 3B
Towson, Maryland 21204
Telephone: (410) 522-1020
Facsimile: (410) 522-1021
*Attorneys for Plaintiffs*
