IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RICHARD A. AMADOR et al.      *
                              *
v.                            *      Civil Action No. WMN-15-632
                              *
HEALTHY HOWARD, INC. et al.   *
                              *
*   *   *   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM AND ORDER**

Before the Court is a Joint Motion for Judicial Approval of Settlement, ECF No. 15, filed by the parties. Upon a review of the papers, facts, and applicable law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motions shall be GRANTED.

On March 6, 2015, Plaintiffs Richard Amador, Amanda Taylor, Alexandra Simon, and Raqueria Murvin brought suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq., and the Maryland Wage and Hour Law (MWHL), Md. Code Ann., Lab. and Empl. § 3-401 et seq., against their employer Healthy Howard, Inc., and their supervisors Patricia Omaña, Stephanie Shirey, and Christine Hall. The complaint alleged that, from September 11, 2013, onward, Plaintiffs were classified as exempt salaried employees of Healthy Howard. The complaint alleged that Plaintiffs worked, on average, 5 to 15 hours of overtime each week but were not compensated at the 1.5 times regular rate required by the FLSA. The complaint also alleged that Defendants initially offered "comp time" in lieu of overtime pay for hours worked over 40

hours a week.  Not only did Defendants not provide the comp time promised but also later offered a flat rate of $1,000 "in exchange for all accrued comp time, irrespective of the amount of comp time allegedly accrued."  ECF No. 1 ¶ 95.  As a result of Defendants' failure to properly compensate for the overtime hours worked, Plaintiffs alleged that Defendants failed to pay overtime or a minimum wage as required by the FLSA.

On June 15, 2015, the parties conducted a full day of mediation before Nancy F. Lesser, Esq.  On or about that date, the parties executed a settlement agreement (Agreement) that resolves this lawsuit.  The Agreement provides that, upon Court approval, Defendants will pay each Plaintiff $13,103.50 to settle all claims asserted in the instant lawsuit.  The Agreement also requires Defendants to pay $32,586.00 to Plaintiffs' counsel for attorneys' fees and costs incurred in bringing this action.  The Agreement also provides that Defendants will provide neutral references with regard to Plaintiffs as well as a general release of all claims by Plaintiffs and Defendants.  On June 24, 2015, the parties jointly moved for approval of the Agreement.

Under the FLSA, employers and employees may enter into a bargained agreement or settlement regarding wages only in limited circumstances.  A district court may approve a settlement between an employer and an employee who has brought a private action for unpaid wages pursuant to 29 U.S.C. § 216(b), provided that the

settlement reflects a "reasonable compromise of disputed issues." Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982). "Although the Fourth Circuit has not directly addressed the factors to be considered in deciding motions for approval of such settlements, district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." Saman v. LBDP Inc., Civ. No. 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013).  Under Lynn's Food Stores, the Court first determines whether there is a bona fide dispute between the parties and then whether the settlement agreement is fair and reasonable.  Id.

In determining whether a bona fide dispute over FLSA liability exists, "the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement." Fonseka v. Alfredhouse Eldercare, Inc., Civ. No. 14-3498, 2015 WL 3863068, at *2 (D. Md. June 19, 2015) (citing Lomascolo v. Parsons Brinekrnoff, Inc., Civ. No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009).  A review of the filings demonstrates that while Plaintiffs contend that they are entitled to minimum and overtime wages, Defendants argue that the tasks at issue could not constitute overtime work, that not all Plaintiffs satisfactorily or adequately performed their jobs, that Plaintiffs were not "required" to work in excess of 40 hours, and that Healthy Howard, as a non-profit not engaged in

commercial activities, is not even subject to the provisions of the FLSA. Under these circumstances, the parties have sufficiently shown that bona fide disputes regarding the existence or extent of liability under the FLSA exist in this case.

Next, in determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; . . . and [5] the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

Lomascolo, 2009 WL 3095955, at *10. Here, the parties "exchanged documentation and information prior to and without the need to engage in formal written discovery." ECF No. 15 ¶ 5. Given the current stage of litigation, less than four months after the complaint was filed, significant expense would be incurred if the parties engaged in formal discovery, dispositive motions, and trial. There has been no evidence to suggest any fraud or collusion in creating the Agreement, and the Agreement developed as a result of a day of mediation with Ms. Lesser. The Agreement provides $13,103.50 to each Plaintiff, far more than the $1,000.00 allegedly offered by Defendants to resolve the issue of comp time payment. Finally, the attorneys' fees and costs due to

4

Plaintiffs' counsel are considered separately in the Agreement from the award to Plaintiffs, and were calculated using the Lodestar method.  Because the Court concludes that this case would be subject to extensive litigation costs to continue, Defendants presented multiple plausible grounds of defense, and Plaintiffs were represented in an arms-length settlement by attorneys specializing in employment actions, the Court will approve the Agreement.  See, e.g., Saman, 2013 WL 2949047, at *3 ("In light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute.").

    Accordingly, it is this 2nd day of July, 2015, Ordered that:

(1) The Parties' Joint Motion for Judicial Approval of Settlement, ECF No. 15, is GRANTED, and;

(2) The Clerk of Court shall transmit a copy of this Memorandum and Order to all counsel of record.

                                       _____/s/_____
                                       William M. Nickerson
                                       Senior United States District Judge